IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN DOUGLAS HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action 1:13-00524-KD-N |
| | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

This cause is before the Court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Steven Douglas Hall ("Hall"), an inmate presently housed in "Frank Lee Work Release Fleet," which is an Alabama Department of Corrections Facility located in Deatsville, Alabama. (Docs. 1 & 2). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(a) and (b) and Standing Order 6 at ¶ 4. Hall is challenging his conviction and sentence on September 29, 2010, for burglary second degree and possession of burglary tools pursuant to a blind guilty plea in the Circuit Court of Houston County, Alabama.[1] (Doc. 1 at 1-2, 16).

---

[1] Hall has also identified his counsel at sentencing as Christopher Manley. (Doc. 1 at 13). There is an attorney named Christopher R. Manley located in Dothan, Alabama, which is in Houston County, Alabama. *See* http://www.legaldirectories.com/Manley-Christopher-R-548414-Atty.aspx. Hall has also identified counsel on appeal as Tilden J. Haywood. (*Id*.). Mr. Haywood also appears to be located in Dothan, Alabama. *See* http://www.martindale.com/Tilden-Jeffrey-Haywood/42993578-lawyer.htm.

Upon consideration of this matter, it is the recommendation of the undersigned that this case be transferred to the United States Court for the Middle District of Alabama pursuant to 28 U.S.C. § 2241(d).[2]

## DISCUSSION

Title 28 U.S.C. § 2254 provides the appropriate federal remedy for a state prisoner attacking the legality of his detention "pursuant to the judgment of a State court," which is where Hall finds himself now. See 28 U.S.C. § 2254(a). This court, "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's application for habeas corpus relief under § 2254 to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *See* 28 U.S.C. § 2241(d). Hall challenges a conviction and sentence entered by the Circuit Court of Houston County, Alabama. Houston County is located within the jurisdiction of the United States District Court for the Middle District of Alabama. Under the circumstances, a transfer of this case to such other court for hearing and determination is appropriate.

---

[2] Section 2241(d) of the United States Code, Title 28, provides, as follows:

> **(d)** Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that this case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d). It is further recommended that Hall's request to proceed *in forma pauperis* be left for adjudication by the transferee court.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific. The Rules further provide that "[a] party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b).

**DONE** this 13th day of November, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**